UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| GARY CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-323 |
| | ) | |
| OFC. WILLIAMS, and | ) | |
| OFC. CLEITT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Gary Carr filed this 42 U.S.C. § 1983 complaint alleging that officials failed to protect him from assault by other inmates. *See* doc. 8 at 1. The Court dismissed several improper defendants. *Id.* at 3. It directed Carr to file an Amended Complaint to supplement his insufficient failure-to-protect claim. *Id.* at 4-6. When he failed to file his Amended Complaint, the Court ordered him to show cause why his case should not be dismissed. *See* doc. 9 (citing, *inter alia.*, Fed. R. Civ. P. 41(b)). Apparently in response to that Order, he filed an Amended Complaint, but did not provide any explanation for his failure to comply timely. *See generally* doc. 10. For either of the two independently

sufficient reasons discussed below, Carr's Amended Complaint is **DISMISSED**.

First, Carr's submission of an untimely Amended Complaint, without any explanation or justification, is not sufficient to excuse his failure to comply timely with the Court's prior Order. Although courts "give liberal construction to the pleadings of *pro se* litigants, [they] nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (internal quotation marks and citation omitted). As the Eleventh Circuit has succinctly stated: "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999), overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003) (citing *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993)). Moreover, the Court has discretion to strike untimely submissions (1) submitted after a deadline, (2) without leave of court, and (3) without demonstrated good cause for the failure to submit them timely. *See Butts v. CentiMark Roofing Corp.*, 2022 WL 950938, at *2 (11th Cir. Mar. 30, 2022).

Under the Court's original Order, Carr's Amended Complaint was due by February 10, 2023. *See* doc. 8. Even giving him the benefit of the

"prison mailbox rule,"[1] his Amended Complaint was filed on March 15, 2023, more than a month after that deadline expired. *See* doc. 10 at 13. He has not even sought, much less shown good cause, to reopen or extend that deadline. *See generally* doc. 10; *see also* Fed. R. Civ. P. 6(b)(1)(B). Carr has, therefore, failed to obey the Court's orders, notwithstanding his untimely Amended Complaint, and his case is **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 41(b); *Williams v. Geo Grp., Inc.*, 2023 WL 1957496, at *3 (11th Cir. Feb. 13, 2023) ("[A] district court may *sua sponte* dismiss a case under the authority of either (1) Rule 41(b) or (2) the court's inherent power to manage its docket." (citation omitted)).

Second, even if the Court excused Carr's untimely filing, his Amended Complaint fails to state a claim upon which relief may be granted. *Cf.* 28 U.S.C. § 1915A(b)(1). As before, *see* doc. 8 at 1-2, the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities on the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Carr is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted).[2] "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. Merely negligent failure to protect an inmate from attack does not justify liability under § 1983. *Brown v. Hughes*, 894 F.2d

---

[2] Carr's Amended Complaint clarifies that he is a pretrial detainee. Doc. 10 at 4. As a pretrial detainee, his failure-to-protect claims are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See, e.g. Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). "However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Id*. (citations omitted).

1533, 1537 (11th Cir. 1990). "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). Moreover, the threat must rise to the level of "a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown*, 894 F.2d at 1537 (internal quotation marks and citation omitted). The general dangerousness of other inmates is not sufficient to support a failure-to-protect claim. *See, e.g., Goodson v. Benton*, 2020 WL 975089, at *2 (S.D. Ga. Jan. 16, 2020) (citations omitted) ("Prisons are dangerous places because they are filled with people society has already deemed too dangers to live amongst law abiding persons. Prisoners will always be at some risk of harm simply by being surrounded by these people. [Cit.] In order to trigger a failure-to-protect claim, a plaintiff must allege that the threat rose above the background danger.").

    Carr alleges that he was threatened by other inmates "because [he is] from South Carolina." Doc. 10 at 7. He alleges that he informed an unidentified "unit counselor," in writing, several days after the threats

occurred. *See id.* A guard, "Cpl[.] Dileo," responded to his report and told Carr to provide information concerning the other inmates' identities. *Id.* The next day, Carr reported the apparently ongoing threats to defendant Williams. *Id.* Williams, however, informed him that the inmates who threatened him were on a different "tier" and were not "coming out at the same time . . . ." *Id.* When Williams was on "a break," Carr "informed Officer Cleitt that [he] was being antagonized," but she dismissed his concerns. *Id.* Several days later Carr was out of his cell and was attacked by the same inmates who had threatened him, or at least some of them. *Id.*

Even assuming that Carr has adequately alleged that the threats made an attack a "strong likelihood, rather than a mere possibility . . .," *Brown*, 894 F.2d at 1537, he has failed to allege that either of the named defendants was deliberately indifferent. His allegations concerning Williams positively contradict any allegation that he was deliberately indifferent to the threats. Williams explained to Carr that the inmates in question would be unable to carry out whatever threats they made because they would be physically separated from him. Williams' reliance on Carr's separation from the threatening inmates might have been

negligent, but it was not indifferent. *Cf. Brown*, 894 F.2d at 1537; *see also, e.g., Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (prison official's mistaken belief leading to assault was not sufficient to support failure-to-protect claim); *Singanonh v. Palacios*, 2020 WL 3060153, at *1 (E.D. Cal. June 9, 2020) ("mistake" by "classification department" resulting in assault failed to state a failure-to-protect claim). Since Carr does not allege that Williams was indifferent to any threat of which he was aware, Carr's claim against him is **DISMISSED**.

Carr's allegations against Cleitt come closer to stating a claim, but still fall short. To be sure, he alleges that Cleitt took no action in response to his reports, but his allegations concerning the information he provided her is insufficient to infer that he informed her of anything more than a generalized threat. *See* doc. 10 at 7 (alleging only that Carr informed Cliett that he "was being antagonized"). There is no allegation that Cliett had knowledge of Carr's earlier, more detailed, reports. "To satisfy the subjective component," of a failure-to-protect claim, a plaintiff has "to allege that before the assault . . . [the defendant] was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that [defendant] actually drew the inference." *Cox v.*

7

*Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021) (quoting *Farmer*, 511 U.S. at 837) (internal quotation marks and alterations omitted). Carr's allegation is simply too vague to infer that Cliett possessed the necessary subjective knowledge. *See id.* (finding allegation that plaintiff had filed a complaint prior to assault was insufficient because "the amended complaint provided no clue about what the . . . complaint communicated."). Carr's failure-to-protect claim against Cliett is, therefore, **DISMISSED**.

Carr's allegation that the inmates were "under Officer Cleitt['s] supervision" during the attack implicates a failure-to-intervene claim against her. *See* doc. 10 at 7. However, his vague allegation is not sufficient to support a failure-to-intervene claim. Such claims require that (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. *See Johnson v. Boyd*, 568 F. App'x 719, 724-25 (11th Cir. 2014) (discussing claims for an officer's failure to intervene in an assault). Even assuming Carr has alleged sufficient facts to support the risk of injury, and that his allegation of

8

"supervision" implies Cleitt's subjective awareness, he has said nothing about her ability to intervene or her response, if any. *See Smith v. Andrews*, 2016 WL 6818755, at *4 (S.D. Ga. Nov. 16, 2016) (a defendant is only liable for failing to intervene in an ongoing attack if the defendant "was physical able and had a realistic chance to intervene and act in time to protect the inmate plaintiff."); *see also, e.g., Seals v. Marcus*, 2013 WL 656873, at *8 (M.D. Ga. Jan. 25, 2013) (noting that prison staff are not constitutionally required "to endanger their own safety in order to protect a prison inmate threatened with physical violence." (internal quotation marks and citation omitted)). To the extent that he intended to assert a failure-to-intervene claim against Cleitt, therefore, it is **DISMISSED**.

Accordingly, Carr's Amended Complaint is **DISMISSED**, alternatively, because he failed to obey the Court's Order to file his Amended Complaint no later than February 10, 2023, Fed. R. Civ. P. 41(b), or because his Amended Complaint fails to state a claim upon

which relief may be granted, 28 U.S.C. § 1915A(b)(1).  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED,** this 23rd day of March, 2023.

                                          _____
                                          CHRISTOPHER L. RAY
                                          UNITED STATES MAGISTRATE JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA